# 80

ROBERTS *v.* BLOCK, executor, *et al.*

No. 6915. SEPTEMBER 19, 1929.

*Oliver C. Hancock,* for plaintiff.

*Henry C. Peeples* and *A. J. Orme,* for defendants.

BECK, P. J. Frank E. Block died leaving a will, in one item of which he bequeathed to Lucretia P. Block, now Mrs. Lucretia B. Roberts, the petitioner in this suit, a life-estate in one sixth of all the property of which he should die possessed, except such as he had in other items of the will specifically disposed of. In another item it was provided that his children to whom life-estates were given should have the right to sell, for the purpose of reinvesting, any real estate or personalty composing the corpus of the property received by them under the will; and that property, whether real or personal, purchased by them with the proceeds of property sold should be held by them in the same manner and subject to the same limitations as were imposed by the terms of the will upon the property therein bequeathed. Two executors were named, and to them was given the right to sell any portion of testator's property either at public or private sale, without an order from the court of ordinary or other court, without advertising, and upon such terms as the executors might deem to be for the best interest of the estate; and the power was given to them to reinvest the proceeds of such sales. It is alleged in the petition that the testator was the owner of "shares of the common capital stock of the Southern Securities Company;" that 782 shares was one sixth of the stock referred to as being owned by the testator at the time of his death; that upon the death of the testator the executors took charge of all of the stock owned by him and delivered it to the Southern Securi-

ties Company for the purpose of being canceled and in lieu thereof to have new stock issued; that said new stock was issued by that corporation in the name of each of the legatees to whom the stock was bequeathed, and the same was delivered by the executors to the legatees; that petitioner had delivered to her 782 shares of the stock referred to, with the following restriction and limitation, to wit: "Lucretia B. Roberts, as life-tenant under the will of Frank E. Block, deceased." The plaintiff insisted in her petition that she was entitled to have said stock certificate made and delivered to her "unconditionally and without the restrictions and limitations named;" that her demand for this had been refused by the executors; that at the date of the death of the testator the value of her part of the stock was $3,910, and since his death the value had increased until it was worth $9,775; and that the increase, whatever it might be, "was to be used by her and to be her property unconditionally and with the free and unhampered right to use the same as she sees fit." She prayed for cancellation of the stock certificate as issued; that the Southern Securities Company, one of the defendants named, be required to issue, in lieu of the certificate as issued, a new one without any restriction or limitation whatever; and that it be decreed that under the will it was the intention of the testator "that the increase from the corpus coming to each of the legatees under said will should be the property of the life-tenant, and that the increase set out in this petition be decreed to be the property of petitioner unconditionally."

To the petition demurrers were filed by the defendants, and the court sustained them, including the general demurrer, and provided in the order that the plaintiff should have the right to amend the petition within ten days. In ten days the petitioner filed an amendment, but upon objection it was disallowed, and the court then passed an order dismissing the petition. In the bill of exceptions the petitioner insists, in the first place, that "under the law the court should have overruled the demurrer;" and error is also assigned upon the refusal to allow the amendment, and on the dismissal of the petition.

■ The court did not err in holding in effect, by the ruling sustaining the demurrers, that under the terms of the will the executors were not required to deliver the shares of stock unconditionally and without limitation to the petitioner.

■

The increase in the corpus of the estate as represented by the shares of stock was subject to the same limitations as the original shares.

The amendment, in so far as it was pertinent to the original suit, added no strength to the allegations contained in the petition as first filed.

Certain other allegations in the amendment were not germane to the original suit, and did not tend to supply any deficiency in the allegations thereof.

The above rulings are upon the merits of the questions raised by demurrer; but it would seem, under prior decisions by this court, that the plaintiff waived the right to except to the judgment sustaining the demurrer when she filed an amendment attempting to cure the defects, and did not stand upon the petition as originally filed. *Judgment affirmed. All the Justices concur.*